## Application of BALLMAN et al.

(Court of Appeals of District of Columbia. Submitted January 12, 1927. Decided March 7, 1927.)

### No. 1900.

Patents ⊙⟊328—Claims of reissue of patent 1,275,120 held properly rejected, as claiming two specific forms, as anticipated, and as failing to disclose patentable structure.

Certain claims of application for reissue of patent No. 1,275,120, for projecting apparatus having improved reflecting means, *held* properly rejected, as claiming two separate specific forms of invention, as anticipated in part, and as failing to sufficiently define patentable structure, being functional only.

Appeal from the Commissioner of Patents.

Application by Edward C. Ballman and another for reissue of patent No. 1,275,120. From a decision of the Commissioner of Patents, rejecting certain claims, applicants appeal. Affirmed.

Paul Carpenter and B. J. McCann, both of Chicago, Ill., J. T. Basseches, of New York City, and J. H. McCann, of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal grows out of an application filed by the appellants for the reissue of their patent No. 1,275,120, granted August 6, 1918. The application was filed within two years after the patent was granted, and there is no question of delay in the case. The application as amended contains 45 claims, of which the first 29 are taken from the original patent. Claims 30 and 31, and 36 to 45, inclusive, have been rejected by concurring decisions in the Patent Office; hence this appeal.

The invention relates to projecting apparatus having improved reflecting means. It provides by various arrangements for light source, with one or more reflectors arranged to concentrate light upon an image-carrying

plate or film, in order to project an image of the object upon a suitable projection screen. Several modifications are disclosed; among them Fig. 9 discloses a compound arrangement of an ellipsoidal reflector and a plurality of sectional. spherical reflectors; whereas Fig. 13 discloses an electric light bulb which is silvered to form a reflecting surface. while a circular portion is left clear, the light being located at a specific focus, with direct and reflected rays passing through the clear portion; through the slide and the projecting lens.

Claims 30 and 36 are copied for illustration.

"30. A projecting apparatus comprising a source of light, an object, a reflector arranged to receive part of the rays emitted by said source, and means for reflecting another part of the rays emitted by said source upon said reflector, said reflector being constructed and arranged to concentrate on said object the rays received by it, and means for projecting an image of said object on a screen."

"36. A projecting apparatus comprising an electric light bulb having part of its surface formed as a reflector and constructed and arranged to receive and concentrate the rays emanating from the filament on an object."

Three grounds of rejection of the appealed claims were sustained by each of the tribunals of the Patent Office. The first was that the applicants were claiming two separate specific forms of invention by claims 30 and 31, as compared with claims 36 to 45; the former claims being illustrated in Fig. 9, and the latter in Fig. 13. Hence it was required that applicants cancel either claims 30 and 31, or 36 to 45, inclusive, which was not done. The second ground of rejection was that claims 36, 37, 41, and 42 should be rejected on the patent to Welsh, June 3, 1884. The third ground was that claims 36, 37, 41, and 42 should be rejected, as failing sufficiently to define patentable structure, being functional only.

The record discloses that these grounds for rejection were carefully considered by each of the lower tribunals, and are fully set out in their respective opinions. We are convinced that their conclusions were correct, and we think it unnecessary to repeat the reasons set out in their opinions in support thereof. We content ourselves, therefore, with approving and affirming the decision of the Commissioner of Patents herein appealed from.

Affirmed.